STATE EX REL. FLOYD IDLET, RELATOR, v. BART M. LOCKWOOD, CHESTER C. FEE, JAMES E. KELLY, HIRAM WILLIAMS, JOHN LARD, HARRY CROWELL, KENNETH BOYLE, LOGAN HUFFMAN AND THOMAS LYSAGHT, BOARD OF TRUSTEES OF POLICEMEN'S PENSION FUND OF THE CITY OF ST. JOSEPH, MISSOURI, RESPONDENTS.—201 S. W. (2d) 514.

Kansas City Court of Appeals.   Opinion delivered April 7, 1947.

2

*J. V. Gaddy* for relator.

*Chas. S. Wilcox, Roscoe P. Conkling, Floyd M. Sprague* and *Conkling & Sprague* for respondents.

4

CAVE, J.—This is an action in *mandamus* brought by Floyd Idlet, hereafter referred to as relator, against Bart M. Lockwood and others, who compose the Board of Trustees of the Policemen's Pension Fund of the City of St. Joseph, hereafter referred to as respondents, seeking to have respondents grant him a pension under the provisions of Sec. 9484, R. S. 1939. An alternative writ in *mandamus* was issued, to which respondents filed their return, after which the cause was tried and the court found the issues in favor of the respondents, and ordered that the alternative writ be discharged and quashed, and that a peremptory writ of *mandamus* be refused. Relator perfected his appeal to this court.

Relator's petition alleged, in substance, that the City of St. Joseph was a city of the first class; that said city had a Metropolitan Police Force and that the respondents were the Board of Trustees of the Policemen's Pension Fund of said city, which is organized under Article 3, Chapter 54, R. S. 1939; that the relator was a member of the police force of said city for more than 20 years and less than 25 years; that he was suspended by action of the Board of *Police Commissioners* on July 31, 1945, and on September 5, following, was discharged from said department; that he was entitled to a pension under the provisions of Sec. 9484 of said Article; that he applied to the respondents for a pension under the provisions of said section, and that the Board arbitrarily refused to grant it.

The return of respondents admitted that the relator was a member of the police force of the City of St. Joseph for more than 20 years and that he was continuously so employed since September 1, 1927; that the relator was suspended by the action of the Board of Police Commissioners on the 31st day of July, 1945, and was discharged by said Board on September 5, following; that thereafter the relator applied to respondents for a pension under the provisions of said Sec. 9484, and that said pension was denied for certain reasons set out in the minutes of their meeting, which will be noted more in detail. They allege that relator was suspended and discharged by the Board of Police Commissioners for culpable misconduct which occasioned and required his suspension and dismissal; that he failed and refused to obey the lawful orders of the Police Board and failed and refused to attend to his duties as a police officer, and thereby for-

feited any right he may have had to claim a pension. They also allege that their action in refusing relator a pension is final and conclusive and is not subject to review or reversal, except by the Board, as provided by Sec. 9479.

A reply was filed to the return which put the various allegations of the respondents' answer in issue. Relator introduced in evidence paragraph 1 of respondents' return and rested. Paragraph 1 admits that respondents are the duly appointed and acting Board of Trustees of the Policemen's Pension Fund of the City of St. Joseph; and that relator was a member of the Police Force of said city for more than 20 years, and that he was continuously so employed since September 1, 1927; that relator was suspended by the action of the Board of Police Commissioners on the 31st of July, 1945, and was discharged by said Board on September 5, following; that thereafter relator applied to the said Board of Trustees for a pension under the provisions of Sec. 9484, and that it was denied.

Respondents introduced evidence to the effect that relator was a member of the Police Department and entrusted with the enforcement of the liquor laws on and prior to June 16, 1945; that prior to that date he was in the liquor business, and that the chairman of the Police Board called relator's attention to the fact that he should not be engaged in such business while he was a member of the Police Department, but relator continued in such business; that thereafter the Police Board adopted an order or rule prohibiting a member of the department from having any interest in the ownership, management or operation of any establishment engaged in the sale of intoxicating liquor, and prevented any member of the department from working in any such establishment, and declaring that any member who should refuse to divest himself of any such ownership or association within 10 days should be considered guilty of misconduct and conduct unbecoming an officer, and be subject to such punishment, including dismissal from the force, suspension from duty, demotion in rank, or such other punishment as the Board might see fit to impose. Notice of such rule was given but relator, according to the findings of the Police Board, did not discontinue his connection with the sale of intoxicating liquor, and on July 7, 1945, he was reduced to a Class A patrolman. On July 31, of the same year, members of the Police Board had another hearing on the matter and found that relator, after repeated warnings from the Board, was still associated with an establishment engaged in the sale of intoxicating liquors in St. Joseph, contrary to the orders of the Board; and that relator had, without permission and without good excuse, failed to report for duty from the 19th of July until that date. The Board suspended him without pay for a period of 30 days. On August 29 the Board notified relator to appear before it for a hearing on the following charges: "First: That he has failed to report for duty without

'good excuse as ordered by his superiors and by the Board; Second: He has continued to associate himself in a business engaged in the sale of intoxicating liquors in the violation of an order of this Board.'' On September 5 relator appeared before the Board and a hearing was had, and it was ordered that he be ''discharged forthwith for cause on the ground that he has wilfully persisted in the conduct and operation of a business engaged in the sale of intoxicating liquors in violation of the order of this Board, and he has wilfully and without good cause or excuse failed and refused to obey the orders of his superiors and this Board.''

It is also in evidence that when relator's application for a pension came before the *Board of Trustees* of the *Police Pension Fund* the members of such Board were fully advised of all the above facts respecting relator's conduct and the orders of the *Board* of *Police Commissioners*; and that after considering his application and such facts it was denied.

There are but two assignments of error: (1) ''The court erred in finding for the respondents herein for the reason that it was a mandatory duty of the respondents to grant a pension to the relator under the admitted facts in the pleadings and in the evidence produced at the trial; (2) the court erred in holding that the respondents had unlimited discretion to deny the relator a pension and that the action of the respondents as a board could not be reviewed by the courts.''

The line of battle is sharply drawn and it requires a construction of Secs. 9479 and 9484 of Art. 3, Chap. 54, R. S. 1939. The pertinent part of Sec. 9479 is as follows: ''The (pension) board shall have exclusive control and management of the funds created for the purpose herein and of all moneys donated, paid or received for the relief or pensioning of disabled members of the police department, their widows and minor children and may have an assessment from each member of the police pension fund not to exceed three per centum of the salary of such member, same to be placed by the treasurer to the credit of such fund, subject to the order of the board. . . . Said board shall hear and decide all applications for *such relief or pensions under this article,* and its decisions on such applications shall be final and conclusive and not subject to a review and reversal except by the board, . . . ''. (Italics ours.) The pertinent part of Sec. 9484 is: ''If any member of the police department of any such city, *who shall have served faithfully,* twenty years and less than twenty-five years in such department of which the last six years shall be continuous, be removed, suspended or discharged from such department, . . . it (pension board) shall pay to the said member from said pension fund, a sum equal to four-fifths (4/5) of one-half (1/2) the average monthly rate of salary which such member shall have received on said force during three years immediately preceding the date of his retirement. . . . '' (Italics ours.)

Relator contends that under the pleadings and the evidence he is entitled to the pension provided for in Sec. 9484, as a matter of law, and the duty of the Board of Trustees to allow it is only ministerial. His argument is to the effect that since the pleadings and the evidence establish beyond dispute that he had served on the Police Force, *faithfully and well,* for twenty years, he qualified for the pension, and nothing he did thereafter would defeat his claim, and that the Board could not consider conduct subsequent to the twenty-year service in deciding his claim. Respondents take a contrary view and contend that the Board has a wide discretion in allowing or disallowing claims; and that Sec. 9479 must be read and considered in connection with Sec. 9484 and, when so considered, the Board's decision is "final and conclusive and not subject to a review or reversal except by the board. . . . " The two sections are part of Art. 3, Chap. 54, R. S. 1939, which relates to pensions for policemen in cities of the first class (City of St. Joseph only) and is a code complete within itself. They must be read and construed together. Sec. 9479, among other things, provides that "said (pension) board shall hear and decide *all applications* for such *relief or pensions under this article,* . . . "; not just one particular section but all sections *under Article 3.* (Italics ours.)

Sec. 9484, among other things, provides that "If any member of the police department of any such city, *who shall have served faithfully,* twenty years and less than twenty-five years . . . " and shall have been discharged, he shall be paid a certain sum from the pension fund. We think this section means that the officer must have "served faithfully" until he is removed or suspended and not merely for the first twenty years. The language is plain and unambiguous and is subject to no other construction. However, if it be desirable to search further for the legislative intent, we could consider that part of the same section which authorizes the payment of a pension if an officer is found to be "superannuated . . . permanently insane . . . or disabled physically . . . so as to be unfitted or unable to perform full police duty . . . " and if retired from the department, he is entitled to a pension "if the said board of trustees find such incapacity *does not result from misconduct* on the part of such member, . . . " Sec. 9479 authorizes certain refunds to members of the force on death or retirement unless such retirement or dismissal "was occasioned or required by the culpable *misconduct* of such member." In other words, when Art. 3 is read and considered as a whole, it is quite evident that the Legislature intended that a police officer could, by misconduct, forfeit any right he might otherwise have to a *refund or a pension* under the act, and it became the duty of the Pension Board to hear and determine such fact when an application was filed for a refund or a pension.

In deciding the issue of fact whether relator had "served faithfully", the Pension Board was acting in a quasi-judicial capacity and its. discretion cannot be controlled by mandamus. State ex rel. Becker v. Wehmeyer, 113 S. W. (2d) 1031; State ex rel. Henderson v. Cook, 353 Mo. 272, 182 S. W. (2d) 292; State ex rel. Renner v. Noel, 346 Mo. 286, 140 S. W. (2d) 57. In State ex rel. Bader v. Flynn, 159 S. W. (2d) 379, 382, the rule is succinctly stated: "Courts of Equity will not sit in review of proceedings of subordinate tribunals; and, where matters are left to the discretion of such bodies, the exercise of that discretion in good faith is conclusive, and will not, in the absence of fraud, be disturbed." (Citing many authorities.)

In the instant case the Legislature has further buttressed this principle by specifically providing (Sec. 9479) that the decision of the Pension Board "shall be final and conclusive and not subject to a review and reversal except by the board, . . . ". There is no charge of fraud on the part of the Pension Board; the only allegation is that it acted *arbitrarily*. We find nothing in the record to support that contention, because the Board had before it the evidence of misconduct which is detailed above, and its decision on such facts is final.

In discussing the general question whether the duties imposed upon pension boards are merely ministerial or discretionary, it is said in McQuillin's Municipal Corporations (2d Ed.), Vol. 6, Sec. 2582, p. 394:

"Pensions for officers on retiring after a fixed number of years of service, or when disabled, are provided for by statute or charter in many jurisdictions, especially in cases of policemen and firemen. The general point of view of the courts is that pensions are in the nature of bounties of the government, which it has the right to give, withhold, distribute or recall *at its discretion*. . . .

"However, in determining whether or not the pension should be allowed *is largely within the judgment and discretion of the deciding body whose function is generally considered as quasi-judicial as distinguished from ministerial.* Hence, unless the action of such body is shown to have been fraudulent, arbitrary or capricious, usually it is held final *because the courts decline to substitute their judgment for that of the body.*" (Italics ours.)

We agree with the trial court that, under the facts in this record, we have no right to substitute our judgment or discretion for that of the Board of Trustees.

The judgment is affirmed. All concur.