[1] Respondent, as plaintiff below, sought mandamus to compel appellants to contribute to the Policemen's Pension Fund based on the compensation of Roy O. Prather, an employee of the Police Department of Kansas City, Missouri. Peremptory writ was issued and defendant city appealed.
[2] The pertinent facts alleged in the petition are that the petitioner is charged by law with the administration of the Police Retirement *Page 625 
System of Kansas City and with the duty of collecting contributions therefor from its members and from said city; that defendant Agard is Director of Finance of said city, whose duty it is to disburse the funds of the city according to law; that the Board of Police Commissioners is charged with the duty of maintaining the Police Department of said city and to certify to the petitioner the names of employees who come within the provisions of the Police Retirement Law and the amount deducted from each such employee as his contributions to the Police Pension Fund; that on March 27, 1948, said Board of Police Commissioners, upon the application of Roy O. Prather, restored him to the rank of Sergeant of Police, deducted his contributions to the Pension Fund from his salary, as required by law, certified its said actions to petitioner and advised petitioner that said Prather was entitled to the benefits of the Retirement Law; that petitioner received the amounts so deducted from Prather's salary and then demanded of defendants that they make the city's contributions to said Board based on Prather's salary; that defendants have refused so to do and have disputed the right of Prather to become and to be a member of said Police Retirement System.
[3] The petition further alleges that on August 12, 1948, the Board of Police Commissioners reheard Prather's application for reinstatement as Sergeant, and after a full hearing with all parties present, found that Prather had been in the performance of police duties since his first employment, May 1, 1932, ordered him so reinstated, certified its action to petitioner which, in turn, certified the same to defendants, demanding that defendants pay to said Pension Fund the accumulated contributions due from the city, based on Prather's salary from May 1, 1937 to and including October 31, 1948, $229.25, which defendants failed and refused to pay. The prayer was for a writ of mandamus to compel defendants to pay said amount to petitioner for said accumulated contributions from the city, and hereafter to include, in the monthly contributions by defendants to said Pension Fund, a sum equal to 6 percent of the compensation of said Prather upon which he contributes 4 percent, provided by law, or to show cause why they have not done so.
[4] The answer denied that, under the stipulated facts of the parties, the Board of Police Commissioners had the power or jurisdiction to determine questions of law concerning who shall be or are entitled to the benefits of the Police Retirement Pension Law, and alleged that the action of said Board in declaring Roy O. Prather while discharging the duties of a Paymaster was a policeman, was without force or effect. The answer further alleged that, under the undisputed facts, Prather has been engaged in a clerical capacity not involved in police duties, and as such is not entitled to the benefits of the Retirement Law.
[5] According to the stipulation of facts, Roy O. Prather was first employed by the Kansas City Police Department on May 1, 1932, as a Class C Patrolman, assigned to District 4 Station. He attended police school, passed the necessary examinations and was promoted January 1, 1933 to Class B Patrolman. On July 1, 1933, he was promoted to Class A Patrolman, and on January 1, 1934, to the rank of Sergeant, all of his assignments being of the law enforcement nature. In 1936, upon the death of the Paymaster, he was assigned to that position, which he has held since that time. However, due to the change in the law in July, 1939, reducing the number of Sergeants to four in the district, Prather's title was changed to Paymaster. For six months after becoming Paymaster, Prather took part in raids and investigations, along with his other duties. It was further agreed in the stipulation of Facts that he "has always been subject to orders and assignments by his commanding officers for law enforcement".
[6] Prather, in 1935, organized the Kansas City Police Credit Union and was its treasurer for five years, and aided in organizing the Police Benefit Association in 1936, of which he was treasurer for 10 years; he assisted and advised with the police officers, their widows and children, and assisted the policemen in the matter of *Page 626 
hospitalization, withholding taxes and pension contributions; prepared the pay checks for the policemen, less deductions, for execution by the proper city authorities, and worked in conjunction with the Director of Finance of the city concerning such matters. The law was later changed to permit the appointment of more Sergeants to the districts and Prather, upon his application therefor, was restored to the rank of Sergeant by the Board of Police Commissioners on May 27, 1948, in the following order:
[7] "After reviewing Roy Prather's application to have his employment classified as law enforcement to enable him to become a member of the Police Retirement System and giving his whole previous employment record careful scrutiny, it was moved by Mr. Chambers, seconded by Mr. Cohn and unanimously carried, that Paymaster Roy O. Prather be reinstated to the rank of Sergeant and that it be established that he has been engaged in performing police service throughout the tenure of his employment with the police department from May 1, 1932, to May 27, 1948".
[8] Considering himself a member of the Retirement System, Prather has made his contributions to the Board pursuant to Section 8, Paragraph (1) Subdivision (a) of the Retirement Law, Mo.R.S.A. 9476.108 (1) (a) and defendants have been requested to pay the city's contributions on Prather's salary for a period from May 1, 1947 to August 31, 1948, on which Prather has paid, as aforesaid, but defendants have not so paid, claiming that Prather has been engaged in a clerical capacity not involving police duties and is not a policeman as defined by Section 1, Paragraph 2 of the Retirement Law, Mo.R.S.A. § 9476.101(2). On August 12, 1948, upon a rehearing, and with all parties present, the Board of Police Commissioners again ordered Prather to be restored to the rank of Sergeant in the following words:
[9] "All interested parties having been notified of a rehearing of the application of Paymaster Roy O. Prather for restoration of his status within the meaning of the Police Retirement System Law and Prather appearing in person and the City of Kansas City being represented by Assistant City Counselor John J. Cosgrove and the Police Retirement Board being represented by F. D. Glore, Secretary, and after a full consideration of the matter it was moved by Commissioner Cohn, seconded by Commissioner Miller and unanimously carried, that Roy O. Prather be restored to the rank of Sergeant, and that it be determined that he is now, and has been throughout the tenure of his employment by the Department from May 1, 1932, engaged in the performance of police duties".
[10] Defendants have continued to refuse contributions on Prather's salary and maintain the same reasons previously assigned for such refusal. No additional facts were developed in the trial except that defendants have not recognized Prather's own voluntary deductions from his salary, but have accounted to him for his full salary, from which he has given his own checks to the Retirement Board for his pension contributions.
[11] The court issued its peremptory writ of mandamus, directing defendants to issue or cause to be issued a warrant on the proper funds of the city in favor of the respondent for $229.25 as a contribution to the Police Pension Fund upon the compensation of Roy O. Prather for the period from May 1, 1947 to and including October 31, 1948, and thereafter to include in the city's contributions to said fund a sum equal to 6 percent of Prather's compensation on which he has contributed 4 percent as provided by law, and that plaintiff recover costs and have execution therefor.
[12] Appellant's sole point is that the court erred in giving the judgment aforesaid for the reason that Prather is not a policeman within the meaning of Section 1 of the Retirement Act appearing in the Laws of Mo. 1947, p. 422, Mo.R.S.A. § 9476.101.
[13] Under Legislative Act of 1939, R.S.Mo. 1939, Secs. 7644-7683, Mo.R.S.A., the control and management of the Police Department of Kansas City was taken from the Director of Police, appointed by the City Manager, and the Governor was authorized to appoint a Board of Police Commissioners, whose duty it then became to *Page 627 
exercise sole and exclusive management and control of the police force of the city. The above law was repealed in 1943, and, with some additions was, in substance, then reenacted. Laws of Mo. 1943, pp. 727-750. For subsequent amendment thereto see, also, Laws of Mo. 1947, Vol. 1, p. 407. Section 7659, as amended, established the various ranks, including that of Sergeant, and provides that "All other titles or designations used for police officers shall be equivalent in rank and salary to the ranks above specified." Secs. 7678, 7679 and 7680, authorized the formation of a Police Relief Association by the police officers, and for payment thereto by the Board of Police Commissioners from certain available funds.
[14] In the meantime, the Legislature, in 1939, enacted Article 3 of Chapter 54, R.S.Mo. 1939, Mo.R.S.A., authorizing cities of the first class to make provisions for pensions for disabled policemen, their widows and orphans, repealing all former provisions therefor. However, in 1945, pursuant to the legislative change of control from the municipality to the state, as aforesaid, a new article of that chapter of the statute was enacted pertaining in part to cities of 300,000 to 500,000 population, providing for a police Pension or Retirement System in such cities, Laws of Mo. 1945, pp. 1367-1378. That act of 1945 is the present law governing the subject of police retirement benefits in Kansas City, subject to certain amendments thereof in 1947, Laws of Mo. 1947, pp. 422-428. See Secs. 9476.101 to 9476.112, Mo.R.S.A. It creates the Police Retirement System in each of such cities, administered by a Retirement Board, especially created therefor, and a Pension Fund resulting from certain contributions from the members of the System and by the city, all effective as of June 12, 1946. Persons then otherwise eligible as members, automatically became such and by the statutes are bound thereby unless, by written notice, they have manifested their election not to become members. They cease to be members when their service is terminated, except by reason of military service. The Retirement Act defines a policeman as follows, Sec. 9476.101, Mo.R.S.A.:
[15] "(2) `Policeman' shall mean any officer or member of the Police Department of said cities employed for compensation by the Board of Police Commissioners of said cities for police duty and shall include the Chief of Police, Chief of Detectives, Superintendents, Captains, Lieutenants, Sergeants, Corporals, Detectives, Patrolmen, Supervisors, Technicians, Radio Operators, Radio Dispatchers, Jailers, and Matrons, but shall not include any police commissioner, probationary patrolman or any one employed in a clerical or other capacity not involving police duties; * * In case of dispute as to whether any person is a policeman within the meaning of this article, the decision of the Board of Police Commissioners shall be final. * * *"
[16] Under the Police Retirement Law the Board of Police Commissioners deduct 4 percent of a member's compensation not to exceed $10 in any one month, which deduction is paid to the Retirement Board, and must certify to the Retirement Board all payrolls showing such deductions. The city, at such intervals as agreed upon, must contribute and pay to the Retirement Board 6 percent of such compensation from which the 4 percent has been so deducted, Mo.R.S. A. 9476.108.
[17] The situation at hand is that Prather has been in the employ of the Police Department of Kansas City since 1932, — first as a Patrolman, Class C, then promoted to Class B, and to Class A, and Sergeant, respectively, whose duties in those capacities were of the strictly law enforcement character. In 1936, under order, he took over the duties of Paymaster, and for six months was used also, at times, in the law enforcement activities of the police, still under the rank of Sergeant. To conform to the new limitation of Sergeants, his title was dropped in 1939, and his designation became Paymaster. According to the stipulation of facts "He has always been subject to orders and assignments by his commanding officers for law enforcement". His services became confined to work with the Police Benefit Association, the Police Credit Union and as Paymaster, as outlined. In the meantime, however, when additional Sergeants were authorized, the Board of *Page 628 
Police Commissioners, by orders made, on May 27, 1948, and August 12, 1948, restored to Prather the title of Sergeant, and made findings that throughout his entire employment with the Police Department from May, 1932, he had been engaged in the performance of police duties. Despite such findings and acts of the Board of Police Commissioners and the recognition by the Retirement Board of Prather as a member of the Retirement System and acceptance by the latter Board of his contributions in that connection, the city and its Director of Finance have refused to make retirement contributions on Prather's compensation, taking the position that during the period for which he claims benefits under the Retirement System, he was and is not a policeman as defined by the law, and has been and is engaged solely in the performance of clerical services not involving police duties.
[18] The appellant contends that it was plainly the intent of the Legislature to limit the benefits of the Retirement Act to members of the Police Department who are exposed to the hazards of law enforcement; that the fact that Prather had formerly been a policeman does not determine his present status; that the Act specifically excludes those employed in clerical work or work not involving enforcing duties; that the Retirement Act used the term "policeman" in a strict sense, contemplating only one who is engaged in the law enforcement branches of the police force; that the resolution of the Board of Police Commissioners reinstating Prather as Sergeant and classifying his services as police duties is of no binding effect on the present issue; that the finality of the decision of the Board of Police Commissioners referred to in the statute can apply only to decisions of questions of fact, not questions of law; that the question whether Prather is a policeman under the Retirement Act is one of law, which the Board of Police Commissioners has no jurisdiction to determine.
[19] The respondent asserts that the Board of Police Commissioners is a quasi-judicial body, charged by law with the duty of managing the Police Department; determining complaints by or against police officers, and classifying and assigning ranks; settling disputes of fact such as here involved; that its decision of August 12, 1948, restoring to Prather the rank of Sergeant and classifying him as a law enforcement officer is justified, final and is not subject to collateral attack; that the statute is plain and requires no judicial construction.
[20] Orders, findings and final decisions of a quasi-judicial body affecting private rights may now be directly reviewed by the courts of this state as to whether the same are authorized by law, and where a hearing is required by law, the court can determine if the orders, findings and decisions of the body are supported by competent and substantial evidence upon the whole record. In settling disputes, under the Police Retirement Act, as to who are policemen, the Board of Police Commissioners sits in its quasi-judicial capacity. State ex rel. Idlet v. Lockwood, Mo.App., 201 S.W.2d 514. Even though the defense here be a collateral attack, as claimed by respondent, such is allowable when the objection is that the ruling is wholly without jurisdiction of the subject matter and is void. Such is true of judgments of courts. United Cemeteries Co. v. Strother, 342 Mo. 1155, 119 S.W.2d 762. Such, also, is the case with rulings or decisions of quasi-judicial bodies. King et al. v. Priest et al., Mo., 206 S.W.2d 547. In the instant case the court, in our opinion, was authorized to entertain the defense here made to the orders and findings of the Board of Police Commissioners on jurisdictional grounds even though collaterally interposed.
[21] No question is raised as to the competency or substantiality of the evidence before the Board of Police Commissioners. It will also be noted that no charge is made that its orders and findings were fraudulent, capricious or even arbitrary. No charge is made that the Board had no authority to determine the facts as it did. The charge is that the Board had "no jurisdiction to determine whether the services performed by Prather were Police services under the Retirement Act".
[22] Let us assume that the findings and decisions of the Board of Police *Page 629 
Commissioners under consideration could not be and were not more than mere determinations of fact. That would not prevent the application thereafter of the law to the facts so determined. The statute says: "A `Policeman' shall mean any officer or member of the Police Department * * * employed * * * by the Board of Police Commissioners * * * for police duty and shall include * * * Sergeants, * * * but shall not include * * * any one employed in a clerical capacity or other capacity not involving policeduties; * * *. In case of dispute as to whether any person is a policeman within the meaning of this article, the decision of the Board of Police Commissioners shall be final." The definition, then, includes all persons employed for police duty, (except a police commissioner and probationary patrolman), and specifically includes certain named officials by title and does not exclude other employees of other titles or designations or those performing any special duties, so long as such persons are employed for police duties, except that it does exclude persons employed in a clerical (or other) capacity not involving policeduty. The remainder of the statute, in effect, refers all disputes of fact as to whether a person in the Department was employed for police duty or whether his employment involvespolice duties to the Board of Police Commissioners in which is vested the sole, final and exclusive right and duty to determine such facts.
[23] By the decision of the Board of Police Commissioners of May 27, 1948, it found that Prather "has been engaged in performing police services throughout the tenure of his employment with the Police Department from May 1, 1932 to May 27, 1948". By its decision of August 12, 1948, the Board found that Prather "is now and has been throughout the tenure of his employment by the Department from May 1, 1932, engaged in the performance ofpolice duties". The parties in their stipulation of facts agreed that Prather "has always been subject to orders and assignments by his commanding officers for law enforcement". In the absence of fraud or caprice, or arbitrary action on the part of the Board, as here, it must be accepted then, as a fact, that at all times in question Prather has been employed by the Board of Police Commissioners for police duty, that his services have been in the performance of police duties, or at least have "involved" police duties. Those facts, having thus been finally determined, the application of the law to such facts is by virtue of legislative enactment, not by any judicial determination of questions of law by the Board of Police Commissioners. The Board determined the factual status of Prather as to the character of his employment and the law determined his legal status under the Retirement System. The Board of Police Commissioners performed its function of fact finding and its decision became final, whereupon the law, not the Board of Police Commissioners, constituted Prather an eligible member of the Police Retirement System. The duty of the defendants to contribute on Prather's compensation therefore was ministerial and mandatory.
[24] Whatever right of review the appellant may have had as to the decisions of the Board of Police Commissioners, suffice it to say it pursued none. Whether the respondent had a remedy by action on account against the city, which we are not here deciding, it is clear that such action on the accumulated contributions and repeated suits to recover future contributions as they would accrue would not have been an adequate remedy. Under the pleadings and the facts, mandamus was a proper remedy. The court did not err in its judgment. Judgment affirmed.
[25] All concur. *Page 630