Jerry L. CROCKETT, Respondent,

v.

Thomas O. POLEN, Appellant.

No. SC 88232.

Supreme Court of Missouri,
En Banc.

May 29, 2007.

Rehearing Denied June 26, 2007.

Michael W. McCrary, Columbia, for Appellant.

Kim G. Schwartzkopf, Columbia, for Respondent.

RONNIE L. WHITE, Judge.

**I.**

In June 1994, Jerry Crockett filed a cause of action against Thomas Polen for failure to pay on a promissory note. On September 13, 1994, the circuit court entered a judgment against Polen for $3,600 plus interest and costs. Between October 1994 and February 1995, two garnishment orders issued to Polen's employer were returned unsatisfied due to prior wage attachments under a child support order. In February 2004, it was discovered that the child support attachments had expired, so another garnishment order was served to collect Polen's debt in this case. The court began receiving and recording payments March 29, 2004.

In January 2005, Polen filed a motion to quash the garnishment on the basis that the 10–year statute of limitations on the original judgment lapsed on September 13, 2004. The trial court denied the motion, and the garnishment continued until the debt was fully paid. Crockett filed a release and satisfaction of judgment June 29, 2005. Polen appealed, seeking restitution of amounts paid after September 13, 2004. This Court has jurisdiction under article V, section 10, of the Missouri Constitution.

**II.**

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the

law, or it erroneously applies the law.[1] Statutory interpretation is an issue of law that this Court reviews *de novo*.[2]

■ Section 516.350.1, RSMo Supp. 2005, provides in pertinent part:

> Every judgment ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof [...] *or, in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made* [...].

Polen argues that the garnishment checks deposited with the court beginning in March 2004 did not restart the 10–year statute of limitations because the payments were not voluntary. Polen cites *Eubank v. Eubank*,[3] where a creditor attempted to revive an expired statute of limitations by back-dating credits in satisfaction of the debt. Specifically, an ex-wife kept rent proceeds on joint property as a substitute for unpaid alimony. Four years after the statute of limitations expired, she recorded her ex-husband's share of the proceeds as alimony payments made prior to expiration. The court of appeals held that those fictional payments, entered after expiration and without the debtor's knowledge or consent, did not serve to revive the judgment.

Polen also cites *Mayes v. Mayes*,[4] in which an ex-wife sought to enforce a Mis-souri support award through criminal contempt proceedings in California, where her husband then resided. She collected some payments under the California order but did not record them as satisfaction of the Missouri judgment until five years after the statute of limitations had lapsed. As such, the Court deemed those payments a separate obligation that did not revive the judgment. Polen emphasizes that, in both cases, the courts characterized the payments as involuntary—in *Eubank* because the debtor was unaware of them and in *Mayes* because they were a condition of parole—and not specifically "on such judgment, order or decree" as contemplated in the statute.

This Court rejects Polen's analysis. The central holdings in *Eubank* and *Mayes* rely on the critical fact that the 10–year statute of limitations had already expired before any payment was recorded. Additional cases cited in Polen's reply brief further explain that voluntary payment rendered after expiration of the statute of limitations demonstrates a debtor's acknowledgment of the outstanding debt and intent to renew the promise to pay, thereby taking the case out of the statute.[5]

In contrast, here, the circuit court received and recorded payments *prior to* expiration of the original 10–year limitation. Moreover, the plain language of the statute contains no express requirement that the debtor pay voluntarily. Such an

1.  *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. 1976).

2.  *Blakely v. Blakely*, 83 S.W.3d 537, 540, (Mo. 2002).

3.  29 S.W.2d 212 (Mo.App.1930).

4.  342 Mo. 401, 116 S.W.2d 1 (Mo.1938).

5.  See for example *Caneer v. Kent*, 342 Mo. 878, 119 S.W.2d 214 (Mo.1938). (Payments made after the note was barred do not revive the note unless they are made at the direction of or with the knowledge and consent of the debtor.) See also *Davis v. Burke*, 188 S.W.2d 765 (Mo.App.1945). (When payment was made, the note showed on its face that it was barred by the statute of limitations. Part payment does not take a debt out of the statute unless made under such circumstances as to warrant the inference that the debtor thereby recognized the debt and signified his willingness to pay it.)

interpretation would encourage reticent debtors to neglect their obligations and simply wait for the statute of limitations to lapse. The court of appeals recognized this potential for abuse in *Martin v. Martin*[6] and ultimately held that a garnishment payment "posted" within the period effectively revives the judgment. This Court agrees. The payments effected through the garnishment of Polen's wages and recorded by the court clerk prior to September 13, 2004, tolled the statute of limitations.

The judgment of the circuit court is affirmed.

All concur.

---

6. 979 S.W.2d 948 (Mo.App.1998).