**STATE of Missouri, Appellant,**

v.

**SUPERIOR MANUFACTURING, et al., Respondents.**

**No. WD 74370.**

Missouri Court of Appeals, Western District.

Aug. 21, 2012.

---

Laura E. Elsbury, Jefferson City, MO, for appellant.

David Gregory Brown, Columbia, MO, for respondents.

Division Three: THOMAS H. NEWTON, P.J., JAMES M. SMART, JR., and VICTOR C. HOWARD, JJ.

JAMES M. SMART, JR., Judge.

The Secretary of State challenges the trial court's order vacating the Commissioner of Securities' final order to cease and desist and imposing civil penalties and costs upon Superior Manufacturing, Inc., and Kevin W. and Wendy D. Gross, and quashing the garnishment. Because the trial court failed to receive and review the Commissioner's record as required by Chapter 536, RSMo,[1] we reverse.

### Statement of Facts

Superior Manufacturing, Inc. ("SMI") is a Missouri corporation formed September 1, 2006, by Kevin W. Gross and Wendy D. Gross. According to SMI's filings with the Missouri Secretary of State's Corporations Division, the company was formed for the purpose of manufacturing custom "living quarters for horse trailers."

On January 23, 2008, after the receipt of complaints and after a preliminary investigation, the enforcement section of the Securities Division of the Office of the Secretary of State submitted a petition for an order to cease and desist and an order to show cause why civil penalties and costs for securities violations should not be imposed against SMI and Kevin and Wendy Gross. The Grosses were properly served by certified mail, return receipt, on January 28, 2008.

On February 1, 2008, after review of the petition, the Commissioner of Securities ("Commissioner") issued an order to cease and desist and to show cause why civil penalties and costs should not be imposed, which was sent to the Grosses by certified mail.[2] On February 25, 2008, notices and copies of the cease and desist order were returned "unclaimed" to the Commissioner. That same day, the Commissioner was served with substitute process pursuant to section 409.6–611(b), RSMo (cum.supp. 2007), and notices of the service and copies of the process were sent to the Grosses at their last known address. On February 29, 2008, the notices of service sent to the Grosses were returned "refused" to the Commissioner. On March 18, 2008, the enforcement section was contacted by an attorney, Thomas W. Millington of Springfield, representing the respondents, who asked that the Commissioner withhold a final order until April 15, 2008, to allow the parties to reach a settlement. On April 1st, Kevin Gross received certified letters from the post office and signed the return receipts in his own behalf and on behalf of Wendy Gross.

Presumably the settlement talks were unfruitful. On April 11, 2008, respondents' counsel wrote the chief enforcement counsel indicating that his clients Kevin and Wendy Gross "would not be defending" against the complaints against them. Counsel's letter said they had "authorized [him] to inform [the chief enforcement counsel] of this."

---

1. Statutory citations are to the Revised Statutes of Missouri (RSMo) 2000, unless otherwise indicated. ·

2. Some of the pertinent facts are drawn from the certified record of the Commissioner of Securities, which the trial court refused to allow in evidence but should have allowed in evidence pursuant to section 536.130.

Several days later, on April 24, 2008, the Commissioner issued a final order to cease and desist and an order imposing civil penalties and costs ("final order"). The final order imposed civil penalties against the respondents. Each respondent was to pay five thousand dollars ($5,000) as civil penalties, and the respondents were to pay an additional sum of seven thousand three-hundred thirty dollars ($7,330) as reimbursement for the costs of the investigation and administration of the matter. The Commissioner sent a copy of the order to Kevin and Wendy Gross, certified mail, return receipt requested.

Thereafter, the Secretary of State filed the final order with the Cole County Circuit Court pursuant to section 409.6–604(f). On July 9, 2010, the Secretary of State sought a garnishment in execution of the judgment. The garnishments/executions were issued on July 13th and served on July 16th. On August 18, 2010, the Grosses filed a motion to quash the garnishment and vacate the underlying judgment. After the parties filed suggestions, the court set the matter for oral argument.

On November 19, 2010, the parties appeared by counsel for a hearing on the motion to quash. The Grosses were not represented by Mr. Millington but, instead, had retained new counsel. The Secretary of State proffered a certified copy of the Commissioner's record, which the court refused to receive. The Grosses presented no evidence but argued that their rights had been violated because they had no notice and no opportunity to defend against the assessments. The court took the matter under advisement. On February 4, 2011, the court entered an order vacating the judgment and quashing the garnishment. The Secretary appeals.

### Discussion

In point one, the Secretary contends that the court erred in granting the motion to vacate the Commissioner's final order. The Secretary contends that the court had no authority to vacate the order because the Grosses did not timely seek judicial review. In point two, the Secretary contends that the trial court erred in granting the motion to vacate the Secretary's judgment because the Grosses failed to present any evidence in support of their collateral attack on the Commissioner's final order. We consider the two points together.

### Standard of Review

"Ordinarily, we review the circuit court's ruling on a motion to set aside a judgment ... for an abuse of discretion. However, whether a judgment should be vacated because it is void is a question of law that we review *de novo;* we give no deference to the circuit court's decision." *Kerth v. Polestar Entm't,* 325 S.W.3d 373, 378 (Mo. App.2010) (internal citations omitted). *De novo* review means that we will apply the same standard that applied below. *Am. Nat'l Prop. & Cas. Co. v. Ensz & Jester, P.C.,* 358 S.W.3d 75, 80 (Mo.App.2011). Courts favor finality of judgments, so the concept of a void judgment is narrowly restricted. *Forsyth Fin. Grp., LLC v. Hayes,* 351 S.W.3d 738, 740 (Mo.App.2011).

### Analysis

The Missouri Securities Act of 2003 is administered by the Commissioner of Securities, who is appointed by and operates under the direction of the Secretary of State. § 409.6–601(a). There is no dispute that pursuant to section 409.6–604(f), the Secretary of State is authorized to file a final order issued under the Securities Act, and, upon filing, the final order has the status of a judgment and may be enforced in the same way as a final order of the court.

In this case, after the Secretary had filed the final order of the Commissioner as a judgment, and then had applied for a writ of garnishment against Kevin and Wendy Gross, the Grosses moved to quash the garnishment and vacate the judgment on the ground that the judgment was "nonexistent" for lack of personal service on the defendants. They contended that the execution of the garnishments would constitute an unlawful taking of property in violation of article 1, section 10 of the Missouri Constitution and a violation of the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution.

The motions filed by the Grosses constitute a collateral attack on the judgment, which is another way of saying that these motions constitute an (untimely) attempt at judicial review. Accordingly, the requirements of section 536.130 related to judicial review of an administrative proceeding are applicable to the Grosses' motions.

Counsel for the Grosses alleged in their unverified motions that the final order fails to show that Kevin Gross ever received the notices mailed February 1, 2008 and February 25, 2008. The Secretary, in response, pointed out that pursuant to section 409.6–611(b), the substitute service on the Commissioner, also on February 25th, was legally sufficient to constitute service on the movants. Because of the type of unlicensed conduct cited in the initial and final orders of the Commissioner, the Secretary asserts that section 409.6–611(b) governs the service of process on the movants. Section 409.6–611(b) states in pertinent part:

> If a person ... engages in an act, practice, or course of business prohibited or made actionable by this act or a rule adopted or order issued under this act and the person has not filed a consent to

service of process under subsection (a), *the act, practice, or course of business constitutes the appointment of the commissioner as the person's agent for service of process in a noncriminal action or proceeding against the person....*

(Emphasis added.) In this case, the Grosses had not filed a consent to service of process in accordance with section 409.6–611(b). Accordingly, the Secretary argues that the service of process on the Commissioner (with the Commissioner's attempt to provide actual notice by mail at the Grosses' last known address) was legally sufficient to effect service of process on the Grosses.

The Secretary also noted that the Commissioner had attempted to provide the Grosses with actual notice of the final order by certified mail, and that the final order shows that the Grosses *had* actual notice of the proceeding in that the final order shows the Grosses had retained counsel and discussed settlement with the chief enforcement counsel. The parties briefed the issue of whether personal service of process is necessary to the enforcement of the final order under the Securities Act. The Secretary also asked the court to receive in evidence documents from the file of the Commissioner of Securities showing that personal service of the cease-and-desist order was obtained by the Cheney County sheriff's office on the three respondents on May 6, 2008. The court declined to receive the Commissioner's certified record, and on February 4, 2011, the circuit court entered its order quashing the writ of garnishment and impliedly vacating the judgment. The Secretary appeals that order.

▬ The final order had a legal presumption of validity under the statute. § 409.6–604(f); *Ret. Bd. of Police Ret. Sys. of Kansas City, Mo. v. Kansas City, Mo.*, 224 S.W.2d 623, 628–29 (Mo.App.1949)

(finding the final judgments issued by quasi-judicial bodies [such as the Commissioner of Securities here] are presumed valid). A judgment is presumed valid until the contrary is properly shown.

A motion to quash a garnishment for alleged invalidity of the judgment ... is a collateral attack on the judgment and will lie only where the record affirmatively discloses that the judgment is void. But such a finding will not be lightly made. .... And there is ... a strong[ ] presumption that a judgment rendered by a court of competent jurisdiction is valid and obtained by proper means. The existence of every fact essential for the court to have rendered a valid decree is presumed, *with the burden on the party contesting the judgment to overcome such presumptions.*

*Cloyd v. Cloyd,* 564 S.W.2d 337, 342 (Mo. App.1978) (emphasis added) (internal citations omitted). The trial court failed to take that presumption of validity into account in this case. The final order of enforcement was subject to collateral attack, but the burden of proof in the collateral attack was on the Grosses. *Wright v. Bartimus Frickleton Robertson & Gorny P.C.,* 364 S.W.3d 558, 565 (Mo.App.2011) ("[T]he burden is on the party contesting the judgment to overcome the presumption [of validity].").

The judgment cannot be vacated on grounds of violating constitutional due process rights without there being some evidence in the record that the Grosses' rights were violated, and that they thus had standing to complain. Although their unsworn motions and arguments complained that they had no notice, actual or

otherwise, the trial court could not reach that conclusion without the receipt of evidence. Had the trial court scheduled an evidentiary hearing, the Grosses, as the movants, would have been required to present evidence that they were somehow deprived of notice of the ruling and an opportunity to apply for judicial review. The Secretary would also have been entitled to cross examine the Grosses and to present evidence.

The Missouri Securities Act incorporates the procedures of the Administrative Procedures Act, Chapter 536, RSMo. § 409.6–609(a). Those procedures require a party seeking judicial review to file the record or to request that the agency file the record with the court. § 536.130.4. The Grosses did not file a copy of the Commissioner's record with the trial court.[3] The Secretary attempted to proffer the certified documents from the Commission's file that would have clarified matters, but the trial court rejected the evidence. It was error for the court to shift the burden of proof to the Secretary, and error for the court to reject the evidence proffered by the Secretary to form a proper record.

### Conclusion

For the foregoing reasons, we reverse the trial court's judgment and remand the matter to the trial court. On remand, the court may receive evidence, including any evidence to be presented by the Grosses, and must receive and consider the record of the administrative proceeding into evidence pursuant to section 536.130. The judgment of the trial court is reversed, and

---

**3.** The Grosses contend that the record in the circuit court consisted of *only* the final order of the Commissioner. While the parties may agree to an abbreviated record or a statement of the case under section 536.130, there is no evidence that this is what happened. The

Secretary's unsuccessful effort to place certified documents from the Commission's file before the court suggests otherwise. The record before the agency should have been filed (and accepted) in the reviewing court prior to any review of the final order. § 536.130.1.

the case is remanded for further proceedings.

All concur.

