**J & M SECURITIES, Respondent,**

v.

**Adam R. MEES, Appellant.**

No. ED 104680

Missouri Court of Appeals,
Eastern District,
**DIVISION TWO.**

Filed: March 14, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2017

Jay R. Burns, Jr., 7777 Bonhomme Ste. 2250, Clayton, MO 63105, For Plaintiff/Respondent.

Bryan E. Brody, Alexander J. Cornwell, 1 North Taylor Ave., St. Louis, MO 63108, For Defendant/Appellant.

Colleen Dolan, Judge

## I. Introduction

Adam R. Mees ("Appellant") appeals the motion court's denial of his Motion for Satisfaction of Judgment and Motion to Quash [an Execution of] Garnishment.[1] Appellant argued in his Motion for Satisfaction of Judgment that the default judgment issued against him on May 4, 2005, was presumed satisfied because ten years had elapsed since the default judgment was entered, and Respondent's Acknowledgment of Credit Toward Judgment on the Record was not proof of a payment on the record sufficient to extend the life of the judgment pursuant to § 516.350.1.[2] Appellant argues on appeal that the motion court erred by: (1) denying his Motion for Satisfaction; (2) denying his Motion to Quash [an Execution of] Garnishment; and (3) awarding post-judgment interest. We reverse.

## II. Factual and Procedural Background

On May 4, 2005, a default judgment was entered against Appellant in the amount of $6,812.15. J&M Securities ("J&M") brought the action as an assignee after purchasing the debt from Plaza Square Apartments.[3] On April 1, 2015, J&M filed an Acknowledgment of Credit Toward Judgment on the Record and served it via mail to Appellant's last known address. This memorandum stated:

> Comes now Plaintiff and pursuant to the provision of § 516.350.1 RSMo. acknowledges a payment or other credit, in the nature of a partial satisfaction of judgment, to be placed on the record of this case, as stated below:
>
> 1. Plaintiff acknowledges a payment and partial satisfaction of the Judgment against Defendant in the amount of $50 as of the date of this memorandum.

On July 5, 2016, J&M filed an Execution Application and Order, 16-EXEC-2468, with a judgment balance of $6,812.15 and post-judgment interest in the amount of $7,715.86 for a total judgment of $14,672.01.[4] On July 14, 2016, Appellant filed a Motion for Satisfaction of Judgment and a Motion to Quash [an Execution of] Garnishment in which he attacked the execution of the garnishment as unenforceable by alleging the underlying judgment had not been revived prior to the ten-year anniversary and was presumed paid under § 516.350. In support, Appellant filed an

---

1. As discussed *infra* in footnote five, Appellant's Motion to Quash Garnishment was actually a motion to quash an execution of a garnishment and will be referred to as such.

2. All statutory references are to Missouri Revised Statutes 2000 unless otherwise specified.

3. The original debt was for an unpaid balance of $5,678.24 under Appellant's lease with Plaza Square Apartments.

4. The Execution Application and Order listed Post Judgment Costs of $148.00, a Service Fee for this Levy of $36.00, a Clerk Fee of $10.00, Less Credits of $50.00. The Execution Application and Order erroneously listed the total amount due as $14,682.01.

affidavit claiming he had never made a payment nor authorized another to make a payment to J&M. Appellant further swore he had not had any contact whatsoever with J&M since the default judgment was entered on May 5, 2005. The motion court overruled Appellant's Motion for Satisfaction of Judgment and Motion to Quash [an Execution of] Garnishment on July 22, 2016, in separate orders. This appeal follows.

### III.  Standard of Review

As an initial matter, there must be a final judgment for an appellate court to obtain jurisdiction. *Sanford v. Century-Tel of Mo., LLC*, 490 S.W.3d 717, 719 (Mo. banc 2016).[5] Under § 512.020 a party may directly appeal from a special order after a final judgment in a case.[6] A court's ruling on a motion to quash an *execution* of a garnishment qualifies as a special order and is generally appealable. *Peachtree Apts. v. Pallo*, 317 S.W.3d 189, 191 (Mo. App. E.D. 2010). "[A] motion to quash an execution is a special proceeding attacking the enforcement of the judgment." *Carrow v. Carrow*, 294 S.W.2d 595, 597 (Mo. App. E.D. 1956). The overruling of such a motion is a final and complete disposition of the merits of the motion and is appealable. *Id.* (citing § 512.020).[7]

In reviewing a motion court's denial of a motion to quash an execution of a garnishment we will affirm the court's decision "unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Noble v. Noble*, 456 S.W.3d 120, 128 (Mo. App. W.D. 2015).[8] In the absence of specific findings of fact by the court, appellate courts consider all fact issues to have been found in accordance with the result reached." *United States v. Brooks*, 40 S.W.3d 411, 412 (Mo. App. S.D. 2001). Whether a judgment is void is a question of law. *State v. Superior Mfg.*, 373 S.W.3d 507, 509 (Mo. App. W.D. 2012). Accordingly, a motion to quash an execution of a garnishment for an allegedly invalid judgment will only be granted when the record demonstrates the judgment is void, and appellate courts do not make such a finding lightly. *Noble*, 456 S.W.3d at 128.

### IV.  Discussion

**a.  The motion court erred in denying Appellant's motions.**

**i.  The evidence presented by J&M did not indicate a payment was made.**

Under § 516.350.1, "judgments are conclusively presumed paid ten years after

---

**5.** In the present case, Appellant's motion was titled "Motion to Quash Garnishment," which Appellant contends was an error. A court's order overruling or denying a motion to quash a garnishment is not a final judgment. *Antonacci v. Antonacci*, 892 S.W.2d 365, 367 (Mo. App. E.D. 1995). "The final judgment for purposes of appeal in a garnishment case is the order directing the court clerk to pay out the garnished funds or property to the judgment creditor." *Derleth v. Derleth*, 432 S.W.3d 771, 776 n.4 (Mo. App. W.D. 2014). [A]n order overruling a motion to quash an *execution* of a garnishment is a special order after a final judgment in a case, which is independently appealable under § 512.020. *Id.* Upon review of Appellant's motion, we conclude that it was actually a motion to quash an

execution of a garnishment and refer to it as such.

**6.** RSMo Cum. Supp. 2003.

**7.** RSMo Cum. Supp. 1949.

**8.** The standard of review for a motion court's judgment on a motion for satisfaction is the same standard. *Medlin v. RLC, Inc.*, 467 S.W.3d 865, 867 (Mo. App. S.D. 2015) (holding appellate courts "will affirm the orders of the trial court unless there is no substantial evidence … they are against the weight of the evidence, or they erroneously declare or apply the law") (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)).

they were originally rendered unless a party has revived the judgment or entered a payment upon the record." *Pirtle v. Cook*, 956 S.W.2d 235, 238 (Mo. banc 1997). Once this presumption occurs, the judgment cannot be revived and it is impossible for a party to bring suit on them. *Id.* In the present case, J&M concedes that it did not file a motion to revive the judgment. The issue presented to the motion court was whether a payment had been entered upon the record that was sufficient to extend the judgment and avoid the presumption that it was satisfied under § 516.350.1.

In the present case, Appellant alleges that no payment was ever made on the judgment prior to the ten-year expiration; instead, he contends a credit was applied to his debt unilaterally by his creditor, J&M. To support his contention, Appellant provided the court with a sworn affidavit stating he had never made a payment of any kind on the judgment, he never authorized another to make a payment, and he had no knowledge that any payment or other credit had been made. He further stated that he had not had any contact with J&M since the date the default judgment was entered on May 5, 2005. In response, J&M alleged a payment was made, sufficient to extend the judgment under § 516.350.1, because J&M filed an Acknowledgment of Credit Toward Judgment on the Record and submitted an account ledger demonstrating a $50.00 credit was applied to Appellant's debt.[9] J&M acknowledges that the record does not identify who made this payment or other credit, but maintains that the distinction between a credit and a payment is immaterial under § 516.350. The motion court did not formally set forth its findings of fact but denied Appellant's motions to

declare the judgment satisfied and quash the execution of the garnishment. In order to reach the conclusion that Appellant's motions should have been denied, it was necessary for the court to find that a *payment* was made on the record as required by § 516.350.1. Therefore, we consider that the motion court found a payment was made in accordance with the result it reached. *See Brooks*, 40 S.W.3d at 412.

### ii. A credit does not constitute a payment under § 516.350.1.

■ "'Payment' has been defined in Missouri law as the delivery of money or other valuable thing in the discharge of an obligation or for the purpose of extinguishing a debt." *Tiller v. 166 Auto Auction*, 65 S.W.3d 1, 4 (Mo. App. S.D. 2001) (overruled on other grounds by *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 1993)). "Payment requires action of both the debtor and creditor." *Parnell v. Sherman*, 899 S.W.2d 900, 903 (Mo. App. S.D. 1995). More specifically, "[p]ayment requires delivery by the debtor and acceptance by the creditor, both with a common purpose." *Id.* In *Crockett v. Polen*, the Missouri Supreme Court found that payments in the form of garnished wages, entered on the record prior to the tenth anniversary of the judgment, were sufficient to revive the judgment under § 516.350. 225 S.W.3d 419, 419-21 (Mo. banc 2007). The Court specifically found that payments did not need to be voluntary in order to toll the statutory deadline. *Id.* at 421.

■ Although the payment need not be voluntary, the burden falls on the party seeking to stop the running of the statute to establish that a "payment" was made. *Eubank v. Eubank*, 29 S.W.2d 212, 214

---

9. The account ledger shows an entry date of April 1, 2015, for the credit, which is the same day J&M filed its Acknowledgment of Credit Toward Judgment on the Record memorandum with the court.

(Mo. App. W.D. 1930).[10] In *Eubank*, the Western District reversed a trial court's ruling that payments credited toward a judgment debt by a creditor tolled the statute of limitations holding:

> [T]he mere entry of a credit by the holder of the note, without the consent of the payor, will be ineffectual to check the operation of the statute ... *A mere indorsement by the holder himself, without the knowledge or consent of the payor, or other proof that the payment was then made, is not admissible if the note would be barred by the statute but for the credit indorsed; otherwise, the holder of a note would have no difficulty in avoiding the bar of the statute* ... It is not the indorsement of the credit, but the payment, which operates as a renewal of a promise and removes the bar of the statute; that the party relying on a payment to stop the running of the statute must not only establish that it was made, but that it was made by authority of the defendant, is the rule.

*Id.*

▆▆▆▆ The Supreme Court of Missouri noted that the Western District in *Eubank* "held that those fictional payments, entered after expiration and without the debtor's knowledge or consent, did not serve to revive the judgment." *Crockett*, 225 S.W.3d at 420. The Supreme Court of Missouri has also held that a credit, applied to a judgment debt by a creditor or his agent, does not act as a payment suffi-cient to toll the statute of limitations for a judgment debt. *Regan v. Williams*, 185 Mo. 620, 84 S.W. 959, 961 (1905); *see also Brown v. Brown*, 5 S.W.2d 644, 645 (Mo. App. E.D. 1928). A credit applied to a judgment debt by a creditor is not a payment sufficient to revive a debt under § 516.350.1 because there is no delivery or transfer of funds from the debtor, or another acting on his behalf, to the creditor. If such a practice were sufficient to toll the statute then there would be no need for any creditor to file a motion to revive the judgment under Rule 74.09.[11]

The record in the present case does not demonstrate who made the payment or other credit J&M relied on to toll the judgment under § 516.350.1. Appellant presented evidence that he did not make a payment and did not authorize another to do so. The burden of proof lay with J&M as the party seeking to stop the running of the statutory clock to prove that a payment was made. It failed to present any evidence to rebut Appellant's contention that J&M applied a credit unilaterally to Appellant's debt, which would not consti-tute a "payment."[12] Because the party with the burden of proof failed to demon-strate a payment was made, the judgment was not revived under § 516.350.1. The motion court erred in denying Appellant's motions. Based on this Court's disposition of Appellant's first two points on appeal, we need not address his point on post-judgment interest.

10. *Eubank* interpreted the predecessor of § 516.350, § 1341 of the Revised Statutes of Missouri 1919. *Id.* at 214. Section 516.350 was subsequently amended to address period-ic court-ordered payments, which are not rel-evant to this case.

11. Under this rule, the court issues an order to show cause to the judgment debtor to state why the judgment should not be revived, and this order is served upon the judgment debt-or, or his successors in interest or his legal representative, pursuant to Rule 54. Rule 74.09(b). If the judgment debtor fails to ap-peal and show cause then the court enters an order reviving the judgment on the record. Rule 74.09(c).

12. *J&M cannot rely on its filed memorandum of Acknowledgment of Credit Toward Judg-ment on the Record to refute Appellant's claims because that filing does not indicate with certainty that a payment and not a credit was made, nor is it probative of who made the payment or other credit.*

### b. Attorneys' Fees

█ Prior to submission of this case on appeal, Appellant filed a motion for attorneys' fees. Appellant contends he is entitled to appellate attorneys' fees under § 511.620. Appellant alternatively argues that the conduct in this case is sufficient to support an award of attorneys' fees as a sanction.

Section 511.620 states:

If a person receiving satisfaction of a judgment or decree shall refuse within a reasonable time after request of the party interested therein to acknowledge satisfaction on the record, or cause the same to be done in the manner herein provided, the person so interested may, on notice given, apply to the court to have the same done, and the court may thereupon order satisfaction to be entered by the clerk, with like effect as if acknowledged as aforesaid; and the cost attending such acknowledgment shall be recovered of the party refusing by fee-bill, as in other cases.

Under § 516.350.1 "Every judgment, order or decree of any court of record of the United States, or of this or any other state ... shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or ... after ten years from ... revival [or] ... payment." In the present case, J&M argued a payment sufficient to toll the statutory deadline of § 516.350 had been made and thus the judgment was unsatisfied. The motion court agreed by denying Appellant's motions. Therefore, there was no determination that the judgment had been satisfied prior to this appeal and § 511.620 is inapplicable.[13] We do not find Appellant is entitled to attorneys' fees under § 511.620.

█ We also decline to adopt Appellant's alternative argument that J&M acted in bad faith in defending its position, on appeal, that a payment had been made and is thus open to sanctions in the form of attorneys' fees. "A court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *McLean v. First Horizon Home Loan, Corp.*, 369 S.W.3d 794, 801 (Mo. App. W.D. 2012) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991)). Courts must proceed cautiously in exercising this power. *Id.* In the present case, there is no evidence of vexatious or wanton conduct or bad faith in the record sufficient to trigger an award of appellate attorneys' fees as a sanction. Appellant's motion for attorneys' fees on appeal is denied.

### V. Conclusion

For the foregoing reasons the judgment of the motion court is reversed and Appellant's motion for attorneys' fees is denied.

Sherri B. Sullivan, P.J., concurs.

Roy L. Richter, J., concurs.

---

13. Furthermore, § 511.620 applies "[i]f a person receiving satisfaction of a judgment or decree shall refuse *within a reasonable time after request of the party interested therein* to acknowledge satisfaction on the record[.]" Appellant stated in his affidavit filed with his motions that he had not had any contact with J&M since the entry of default judgment on May 5, 2005. Appellant asserts that J&M had "fourteen and a half months" since the judgment was presumptively paid under § 516.350 to acknowledge satisfaction on the record. However, we have already stated the judgment was not presumed satisfied due to the motion court's presumptive finding that a payment had been made. Appellant has failed to demonstrate he made any request to J&M to acknowledge satisfaction on the record prior to filing his Motion for Satisfaction with the court.