

# SUPREME COURT OF MISSOURI
## en banc

UNIFUND CCR PARTNERS )
ASSIGNEE OF CITIBANK )
(SOUTH DAKOTA) N.A., )
                            )
         Appellant, )
                            )
v. )         No. SC97321
                            )
WILLIAM O. ABRIGHT, )
                            )
         Respondent. )

*Opinion issued February 13, 2019*

### APPEAL FROM THE CIRCUIT COURT OF RALLS COUNTY
The Honorable David C. Mobley, Judge

Unifund CCR Partners, Assignee of Citibank (South Dakota) N.A., appeals a judgment overruling Unifund's motion for revival of a judgment on grounds it was filed out of time.[1] Unifund timely filed its motion to revive the judgment within ten years of the last payment of the debtor's garnished wages into the circuit court's registry. The judgment is reversed, and the case is remanded.[2]

---

[1] This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

[2] An order overruling a motion to revive a judgment is appealable as a "special order after final judgment in the cause" for purposes of the right to appeal pursuant to § 512.020 RSMo Supp. 2004. *Abbott v. Abbott*, 415 S.W.3d 770, 771 n.1 (Mo. App. 2013).

## Factual and Procedural Background

On June 28, 2005, the circuit court entered a default judgment in favor of Unifund and against William Abright for $18,143.41 plus interest from the date of the judgment. Unifund served garnishments on Albright's employer, who paid the garnished funds into the circuit court registry. The last payment into the circuit court's registry was made July 26, 2007.

On July 17, 2017, Unifund filed a Rule 74.09 motion for revival of the judgment against Abright. The circuit court issued a show cause order to Abright, held a hearing, and overruled Unifund's motion as untimely. The circuit court overruled Unifund's motion to set aside the order overruling the motion for revival of the judgment. Unifund appeals.

## Standard of Review

The only issue on appeal is whether the circuit court properly applied the law governing motions to revive judgments. This purely legal issue is reviewed *de novo*. *Crockett v. Polen*, 225 S.W.3d 419, 420 (Mo. banc 2007).

## Unifund's motion to revive was timely

Unifund's sole point on appeal asserts the circuit court erred by overruling the motion to revive the judgment as untimely. Unifund argues its motion was filed timely within ten years of the date of the last payment duly entered on the trial court's record as required by § 516.350.1[3] and Rule 74.09.

---

[3] All statutory references are to RSMo Supp. 2014 unless otherwise noted.

2

Section 516.350.1 provides judgments are presumed paid and satisfied ten years after entry of the judgment unless revived by personal service on the defendant or, if a payment has been made, "ten years from the last payment so made."[4]  For purposes of § 516.350.1, "judgments are conclusively presumed paid ten years after they were originally rendered unless a party has revived the judgment or entered a payment upon the record." *Pirtle v. Cook*, 956 S.W.2d 235, 238 (Mo. banc 1997).  Garnished wages paid into the court's registry are a "payment" that "effectively revives the judgment" pursuant to § 516.350 if entered on the record within ten years of the judgment.  *Crockett*, 225 S.W.3d at 420-21.  Therefore, the July 26, 2007 payment into the circuit court's registry resulting from the garnishment of Abright's wages effectively revived the June 25, 2005 judgment and commenced a new ten year period for purposes of § 516.350.1.

---

[4] Section 516.350.1 provides:

> Every judgment, order or decree of any court or record…shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, ***or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made,*** and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.  An action to emancipate a child, and any personal service or order rendered thereon, shall not act to revive the support order.

(Emphasis added).

Rule 74.09 establishes the procedure for reviving a judgment. Rule 74.09(a) provides: "A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment *or the last prior revival of the judgment*." (Emphasis added). The "last prior revival of the judgment" was on July 26, 2007, when a payment was made and entered upon the record pursuant to the wage garnishment. Consequently, Unifund's July 17, 2017 motion to revive the judgment was filed timely within ten years of the "last prior revival of the judgment" on July 26, 2007. The circuit court erred by overruling the Unifund's motion to revive the judgment as untimely.

## Conclusion

The judgment is reversed, and the case is remanded.

 

 

 

_____
Zel M. Fischer, Chief Justice

All concur.

4