

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

WESTERN BLUE PRINT CO., LLC,   )
   )
       Respondent,   )
   )
v.   )      WD86781
   )
MYRNA ROBERTS, ET AL.,   )      Opinion filed:  July 23, 2024
   )
       Appellants.   )

**APPEAL FROM THE CIRCUIT COURT OF
BOONE COUNTY, MISSOURI
THE HONORABLE JEFF HARRIS, JUDGE**

Division Two:  W. Douglas Thomson, Presiding Judge,
Karen King Mitchell, Judge and Janet Sutton, Judge

Myrna Roberts ("Myrna")[1] and Mel Roberts ("Mel") appeal the trial court's order which denied their motion for an order reflecting the satisfaction and release of a judgment against them and in favor of Western Blue Print Company, LLC ("Western").  In their sole point on appeal, the Robertses claim this denial was error, "because the judgment was conclusively presumed paid under [section] 516.350.1 RSMo,[2] in that, nothing in the record indicates that [Western] filed a

---

[1] We respectfully refer to the parties by their first names for the sake of clarity.
[2] All statutory citations are to RSMo (2014), unless stated otherwise.

motion to revive judgment or obtained payment duly entered upon the record thereof within ten years." We reverse and remand this case to the trial court to enter judgment consistent with this opinion

**Factual and Procedural History**

On September 30, 2013, Western was awarded a monetary judgment against the Robertses jointly and severally in the amount of $140,828, as well as a monetary judgment against Myrna individually in the amount of $35,000 plus attorney's fees of $224,489.18.[3] Western was to receive interest on the judgment at a rate of 5.16% from September 22, 2009 to the date of collection, in addition to other injunctive relief.

Soon after the September 30, 2013 judgment was entered, Western requested a total of six garnishments for either Myrna or Mel, all of which were either recalled by the court or returned non-est. No other garnishments were ever requested by Western.

On October 20, 2023, the Robertses filed a Motion to Order Judgment Released, which requested the trial court to enter an order that the September 30, 2013 judgment is satisfied and released pursuant to section 516.350. In support of the motion, the Robertses claimed that more than ten years had passed from the

---

[3] This "Final Judgment on Remand" was entered after the Missouri Supreme Court's opinion in *Western Blue Print Co. v. Roberts*, 367 S.W.3d 7 (Mo. banc 2012), which affirmed in part, reversed in part, and remanded the original judgment entered in favor of Western following a 2008 jury trial. The original judgment awarded Western a monetary judgment against the Robertses jointly and severally; a monetary judgment plus attorney's fees against Myrna individually, and; a permanent injunction against the Robertses and two LLC defendants initially sued by Western.

original rendition of the judgment without it having "been revived upon personal service duly had upon the defendant or defendants therein[.]" The motion further alleged "[i]t has been greater than ten (10) years since payment has been made on such judgment, order or decree, and duly entered upon the record thereof, if any[.]" The effect of this, the Robertses concluded, is that the judgment is presumed satisfied as a matter of law under section 516.350.

Western filed its suggestions in opposition to the Robertses' motion alleging that two payments on the judgment, duly entered upon the record thereof, each served to begin a new ten-year period from the date of said payments, meaning the judgment did not expire on September 30, 2023 and "remains in full force and effect." Western claimed the first of these two payments occurred on July 17, 2014. According to exhibits filed by Western with its suggestions in opposition, on this date the United States Bankruptcy Court for the Western District of Missouri approved the Trustee's Final Report and Proposed Distribution in a 2010 bankruptcy filed by Myrna. The Final Report showed Western held an unsecured claim against Myrna for $417,351, with no amount paid toward the claim to date. This claim was based on Western's judgment against Myrna.[4] As part of the proposed distribution, the Final Report listed a proposed payment of $1,501.56 to Western. A check in the amount of $1,501.56 signed by the Trustee and dated July 17, 2014 was paid to Western. It identified Myrna as the "debtor" and was labeled

---

[4] According to Western, the bankruptcy court determined the judgment against the Robertses was not dischargeable. The Robertses do not dispute this.

3

a "[b]ankruptcy dividend paid to creditor." A photocopy of this check was also attached as an exhibit to Western's suggestions in opposition, along with an e-file notice of the bankruptcy court's order approving the report and proposed distribution. Western did not cause a partial satisfaction of judgment to be duly entered upon the underlying trial court judgment record with regard to this payment.

The second payment was alleged to have occurred on July 25, 2018. According to Western, in July of 2018 the Robertses were attempting to sell real estate but the judgment lien of the underlying trial court judgment appeared as a cloud on the title to same. To address this issue, a check from Boone-Central Title Company dated July 25, 2018 for $492.66 was paid to the law firm representing Western. This amount was then purportedly paid to Western out of the firm's trust account on August 28, 2018. Thereafter, counsel for Western sent Central Bank (Boone County) a draft Partial Satisfaction of Judgment dated July 25, 2018, which stated the September 30, 2013 judgment was partially satisfied in the amount of $492.66. This was followed by another Partial Satisfaction of Judgment dated August 6, 2018, which added that Western "hereby releases any future claims to the property" at issue. Neither partial satisfaction of judgment was filed with the trial court, and thus not duly entered upon the underlying trial court judgment record.

Several exhibits in support of this payment were attached to Western's suggestions in opposition, including: a photocopy of the July 25, 2018 check; a

document evidencing the client trust account transaction; the July 25, 2018 letter from Western's counsel to Central Bank (Boone County) concerning the draft Partial Satisfaction of Judgment; the draft Partial Satisfaction of Judgment itself; the subsequent draft Partial Satisfaction of Judgment dated August 6, 2018; a Missouri General Warranty Deed recorded on July 26, 2018 transferring the property at issue from the Robertses into their trust; two Full Deeds of Release granted to the Robertses recorded on October 16, 2018 and August 20, 2018, respectively, and; a Trustee's Deed recorded on July 26, 2018 between the Robertses as Trustees of their trust and the new owners of the property at issue.

Arguments on the Robertses' Motion to Order Judgment Released were heard on November 27, 2023.[5] The trial court thereafter denied the said motion, as reflected in a docket entry dated November 29, 2023. The docket entry, titled "Order" and signed with the judge's typewritten initials, stated, "The Court, having reviewed the pleadings and heard argument, and having reviewed *Martin v. Martin*, 334 S.W.3d 741 (Mo. App. [W.D.] 2011) and *Spangler v. Spangler*, 831 S.W.2d 256 (Mo. App. [W.D.] 1992), denies Defendants' Motion to Order Judgment Released."[6]

---

[5] A transcript of this proceeding has not been filed with our court.

[6] An appeal may be taken from any "[f]inal judgment in the case or from *any special order after final judgment in the cause*[.]" Section 512.020(5) (emphasis added). "A 'special order' within the meaning of section 512.020(5) refers to 'orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered.'" *Emerald Pointe, LLC v. Taney Cnty. Plan. Comm'n*, 660 S.W.3d 482, 486 (Mo. App. S.D. 2023) (quoting *State ex rel. Westmoreland v. O'Bannon*, 87 S.W.3d 31, 34 (Mo. App. W.D. 2002)). The trial court's order denying the Robertses' Motion to Order Judgment Released is an appealable "special order after

The Robertses appeal.

## Standard of Review

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law.[] Statutory interpretation is an issue of law that this Court reviews *de novo*.

*Crockett v. Polen*, 225 S.W.3d 419, 419-20 (Mo. banc 2007) (footnote omitted). Whether the trial court properly applied the law is a legal issue subject to *de novo* review. *See Unifund CCR Partners Assignee of Citibank (S. Dakota) N.A. v. Abright*, 566 S.W.3d 594, 595 (Mo. banc 2019) (citing *Crockett*, 225 S.W.3d at 420).

## Analysis

The Robertses raise one point on appeal, claiming the trial court erred in denying their Motion to Order Judgment Released "because the judgment was conclusively presumed paid under [section] 516.350.1 RSMo[.]" Specifically, they assert "nothing in the record indicates that [Western] filed a motion to revive judgment or obtained payment duly entered upon the record thereof within ten years."

---

final judgment," considering the Robertses' motion sought to attack the enforcement of the September 30, 2013 final judgment. *Compare with All Star Awards & AD Specialties, Inc. v. HALO Branded Sols.*, 675 S.W.3d 548, 558 (Mo. App. W.D. 2023) (in discussing examples of "special orders after final judgment" which are appealable under section 512.020(5), our court stated "a circuit court may enter a 'special order after final judgment' to decide a motion under Rule 74.11(c) seeking a judicial declaration that the judgment has been satisfied" (citations omitted)).

6

Section 516.350.1 details when a judgment is presumed to be paid and satisfied. It provides, in relevant part:

> Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country . . . *shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof*, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, *or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof*, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

(Emphasis added). Thus, under section 516.350.1, a judgment is presumed to be paid and satisfied ten years after its original rendition, unless: (1) the judgment has been revived upon personal service duly had upon the defendant or defendants, *or* (2) a payment on the judgment has been made *and* duly entered upon the record thereof. Stated differently, "[f]or purposes of [section] 516.350.1, 'judgments are conclusively presumed paid ten years after they were originally rendered unless a party has revived the judgment or *entered a payment upon the record.*'" *Abright*, 566 S.W.3d at 595 (emphasis added) (quoting *Pirtle v. Cook*, 956 S.W.2d 235, 238 (Mo. banc 1997)).[7] The parties agree that only the latter circumstance is at issue here.

---

[7] Essentially, section 516.350.1 provides two methods in which to extend the life of judgments. The first is "revival" of the judgment by personal service upon the defendant(s) followed by an ultimate finding by the trial court that the judgment should be revived. The second is a payment on the judgment that is duly entered upon the record

In the context of section 516.350.1, "payment" has been defined "'as the delivery of money or other valuable thing in the discharge of an obligation or for the purpose of extinguishing a debt.'" *J & M Sec. v. Mees*, 519 S.W.3d 465, 469 (Mo. App. E.D. 2017) (quoting *Tiller v. 166 Auto Auction*, 65 S.W.3d 1, 4 (Mo. App. S.D. 2001) (overruled on other grounds)). However, payment on the judgment alone is insufficient to restart the ten-year period under section 516.350.1; the payment made on the underlying judgment must also be "duly entered upon the record thereof" prior to the expiration of the original 10-year limitation. Section 516.350.1.[8]

---

thereof. The latter effectively extends the ten-year period by serving to restart the ten-year period from the date the payment is entered upon the record.

[8] *See also Crockett*, 225 S.W.3d at 420-21 (payments effected through garnishment checks tolled the statute of limitations where "the circuit court *received and recorded payments prior to* expiration of the original 10-year limitation" (emphasis added)); *Abright*, 566 S.W.3d at 595 ("For purposes of [section] 516.350.1, 'judgments are conclusively presumed paid ten years after they were originally rendered unless a party has revived the judgment or *entered a payment upon the record*.'" (emphasis added) (quoting *Pirtle*, 956 S.W.2d at 238)); *Martin*, 334 S.W.3d at 746 ("Section 516.350.1 only requires entry of payment on the record[.]"); *In re Marriage of Kimball*, 583 S.W.3d 450, 456 (Mo. App. S.D. 2019) ("The circuit court correctly applied the law in concluding that payments garnished from an employer *and entered on the record of the judgment* within ten years of the judgment's rendition revived the judgment under section 516.350.1." (emphasis added) (citation omitted)); *Pourney v. Seabaugh*, 604 S.W.2d 646, 650 (Mo. App. E.D. 1980) (holding "judgment was, under [section 516.350], conclusively presumed paid and no execution could issue thereunder" where "[t]he pleadings and affidavits before the trial court on the motion for summary judgment clearly established that the judgment was almost 19 years old at the time execution was sought, that it had not been revived, and that *no payments on the judgment had been entered on the record of the judgment*" (emphasis added) (criticism recognized in *Foster v. Foster*, 641 S.W.2d 841, 842 (Mo. App. E.D. 1982) for failing to recognize nature of future periodic payments, but such criticism does not impact our use of *Pourney* for its proposition that payments on judgment must be entered on the judgment record).

Importantly, the "record" has been defined as "a written memorial of all the acts and proceedings in an action or suit, *in a court of record*[.]" *Martin*, 334 S.W.3d at 745 (emphasis added) (quoting *Spangler*, 831 S.W.2d at 259). For purposes of section 516.350.1, this "court of record" is the court in which the underlying judgment was entered, the judgment court. This is evident in the plain language of section 516.350.1, which contemplates "a payment [that] has been made on *such judgment* . . . and duly entered upon the record *thereof*[.]" (Emphasis added). Clearly, "thereof" is referring to "such judgment[.]" Thus, the "record thereof" must be the record of "such judgment[.]" This "such judgment" is itself referring to the underlying judgment at issue. Accordingly, section 516.350.1 requires that a payment made on the underlying judgment must be duly entered upon the record of the court in which the underlying judgment was entered.

Here, the Robertses do not dispute that two payments on the judgment occurred on July 17, 2014 and July 25, 2018, respectively. The central issue is, therefore, whether these two payments were "duly entered upon the record" in the manner required by section 516.350.1. We hold they were not, as neither payment was duly entered upon the judgment court's record.

We begin with the July 17, 2014 payment. Said payment was evidenced by a check made out to Western in the amount of $1,501.56 and signed by the Trustee in Myrna's bankruptcy. However, neither this check nor any other evidence presented by Western demonstrates that this payment on the judgment was ever duly entered on the judgment court's record. This is fatal to Western's claim that

9

payment was made on the record of the underlying judgment. Though Western provides us with the check paid by Myrna's bankruptcy Trustee, the Trustee's Final Report, and the e-file notice of the bankruptcy court's order, these documents merely (and, barely) evidence that a payment was issued via Myrna's bankruptcy estate to Western. *None* of the evidence submitted by Western evidences that the July 17, 2014 payment was duly entered upon the record of the judgment court within ten years of the judgment's rendition, as required under section 516.350.1. Thus, such payment did not serve to restart the life of the 2013 judgment under section 516.350.1. For this, and the July 25, 2018 payment, the clear and simplistic evidence necessary to show a payment in compliance with section 516.350.1 is payment documentation filed with the judgment court evidencing the payment on the underlying judgment. Simply, this did not occur.

Undaunted, in an attempt to avoid this result, Western utilizes a broader definition of the term "record," as provided in *Spangler*,[9] to argue that a payment

---

[9] Our court in *Spangler* stated,
*A "record" in simplest terms means "[a] written account of some act, court proceeding, transaction, or instrument, drawn up, under authority of law, by a proper officer, and designed to remain as a memorial or permanent evidence of the matters to which it relates."* Black's Law Dictionary 1144 (5th ed. 1979). In legalese, the term "record" has several meanings, and includes the petition and subsequent pleadings, and generally "those matters which, by positive law, or by rule of practice, are made 'of record,' and as such are self-preserving." *Caruthersville School Dist. v. Latshaw*, 360 Mo. 1211, 233 S.W.2d 6, 9 (1950) ([citation omitted]). As the term pertains to court proceedings, the "record" is a written memorial of all the acts and proceedings in an action or suit, in a court of record, and terminates when the judgment is rendered in the cause. Black's 1145 (5th ed. 1979). In circumstances involving the recordation of child support payments, an ongoing process which occurs post-judgment, the "record" would not be limited to the court proceeding, but would include any recordation by the clerk of the court for payments made on the judgment.

on the judgment need not be filed in the record of the judgment court to be considered "duly entered upon the record" under section 516.350.1. Rather, Western claims the July 17, 2014 payment was "duly entered upon the record" because confirmation of the payment is present *on the record of the bankruptcy proceeding*. This argument fails based on the analysis of section 516.350.1, detailed above.[10] However, even assuming, *arguendo*, the payment *was* entered on the bankruptcy court record, because the bankruptcy court is not the court in which the underlying judgment was entered, the payment was not duly entered on the record of the court which rendered the judgment.

Next, we turn to the July 25, 2018 payment. While several of the exhibits submitted by Western support that a $492.66 payment was made on the judgment on that date, *none* of the exhibits demonstrate this payment was entered on the judgment court's record within ten years of the judgment's rendition. Further, as with the bankruptcy court documents, here the documents evidencing the client trust account transaction, the letter to Central Bank (Boone County) from

---

831 S.W.2d at 259 (emphasis added).

[10] This argument fails for two additional reasons not germane to a section 516.350.1 entry "upon the record thereof" argument. First, as Western *admits*, these records of the bankruptcy court were *not* submitted to the trial court, nor made part of the record on appeal. We therefore cannot consider them. *See 8182 Maryland Assocs., Ltd. P'ship v. Sheehan*, 14 S.W.3d 576, 587 (Mo. banc 2000) ("Generally, appellate courts will not consider evidence outside of the record on appeal." (citations omitted)). Second, contrary to Western's assertion, we cannot take judicial notice of this filing's existence in the bankruptcy court's record. "'Although we may take judicial notice of our own records, matters of record in other courts are denied notice.'" *State v. Parkman*, 517 S.W.3d 685, 687 n.3 (Mo. App. S.D. 2017) (quoting *State v. Collett*, 526 S.W.2d 920, 929 (Mo. App. 1975)).

Western's counsel, and the remaining exhibits submitted in connection with the payment are of no help. Again, put simply, none of them evidence the payment was entered on the record of the judgment court.[11]

Nevertheless, Western contends the July 25, 2018 payment should be considered duly entered upon the record because the *title company* was provided with the Partial Satisfaction of Judgment and lien release. Western asserts that "[p]roviding the title company with the partial satisfaction and lien release . . . created a written account of the transaction, drawn under authority of law by a proper officer, that memorialized the payment." We are unaware of any authority for the abdication of the court's power over its own record-keeping function to title companies; Western provides none. We find this assertion specious.

Consequently, as with the July 17, 2014 payment, none of the evidence submitted by Western showed that the July 25, 2018 payment was duly entered upon the record within ten years of the judgment's rendition, as required under section 516.350.1. As such, this payment did not serve to restart the life of the 2013 judgment under section 516.350.1.

Lastly, the trial court relied upon the *Martin* and *Spangler* holdings in denying the Robertses' motion, but both are inapposite in several important respects. Unlike the present case, in both *Martin* and *Spangler* it was uncontested

---

[11] Notably, Western also presented as exhibits a draft Partial Satisfaction of Judgment and a subsequent draft Partial Satisfaction of Judgment, indicating some modicum of knowledge bearing on the necessity to enter the payment upon the judgment court's record. Yet, such document was never filed with the court and thus neither benefits their cause.

that payments on the judgment were duly noted or recorded on a court record. *Martin*, 334 S.W.3d at 745-46; *Spangler*, 831 S.W.2d at 259-60. This is a critical difference from the case at hand, where there is no evidence that the payments made on the judgment were ever duly entered upon any court record. Further, both cases involved child support payments. For different reasons, such cases are unpersuasive. In *Spangler*, we held that "[w]here payments of child support are paid into any circuit court, of any county within the boundaries of this state, the payment is 'paid on the record' as contemplated by [section] 516.350, regardless of what county issued the original divorce decree." 831 S.W.2d at 260. However, as *Martin* explained in limiting *Spangler*,

> In 1999, the Family Support Payment Center was created in response to the adoption of section 454.530 (RSMo 1999) and section 454.536 (RSMo 1999), which replaced circuit clerks as record keepers of child support payments and created the Missouri Automated Child Support System. Correspondingly, section 516.350 (RSMo 1999) was modified to add subsection 3, which defined "payment duly entered on the record" to include the recording of any payment by the Division in the automated child support system created pursuant to chapter 454.

334 S.W.3d at 743 n.4. Thus, any exception created in *Spangler* to allow payments to be recorded in *any* county, and not simply the judgment court, was statutorily enveloped as described in *Martin*. Having been decided prior to this 1999 statutory amendment, *Spangler* predated these important statutory changes concerning the recordation of child support payments. Thus, for our purposes, we find *Spangler* or other, similar child support cases preceding 1999 unpersuasive.

In *Martin*, our court held that (1) tax intercept payments recorded by the Jackson County Circuit Court *Administrator*, rather than the *clerk* of the court,

13

were "duly entered on the record," and (2) "[s]ection 516.350.1 only requires entry of payment on the record, not physical payment into the court." 334 S.W.3d at 745-46. This is not on point in the case at hand. Neither of these holdings require a different result than the one reached here.

Because the September 30, 2013 judgment has not been revived within the ten-year period, nor has payment been duly entered upon the record thereof, no exception defeats the presumption that the judgment has been satisfied pursuant to section 516.350.1. Accordingly, the trial court erred in denying the Robertses' Motion to Order Judgment Released.

## Conclusion

For the foregoing reasons, the trial court's order denying the Robertses' Motion to Order Judgment Released is reversed and this case is remanded to the trial court to enter judgment consistent with this opinion.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

14